MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

MAUREEN C. BESSETTE (CABN 165775)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    E-Mail: Maureen.Bessette@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. CR 13-00501 RS |
|---|---|---|
| Plaintiff, | ) | U.S. SENTENCING MEMORANDA |
| v. | ) | |
| DEAN TUAN TRINH, | ) | |
| Defendant. | ) | DATE: NOVEMBER 12, 2013<br>TIME: 2:30 PM<br>COURTROOM #3 |

**Background.** On November 1, 2012, the defendant was indicted in the Southern District of Florida, with Conspiracy, 18 U.S.C. § 371, to violate the Lacey Act, a statute that protects wildlife. On May 23, 2013, the defendant was indicted in the Northern District of California, with three counts of violating the Lacey Act, 16 U.S.C. § 3372(a)(2)(A), 3372(a)(4), 3373(d)(1)(B) and six counts of Wire Fraud, 18 U.S.C. § 1343. These charges stem from defendant's actions in taking undersized California leopard sharks (those less than 36 inches) from the San Francisco Bay, in violation of California state law. He then sold these sharks over the internet to customers throughout the United States and Canada. The defendant falsely labeled the size of the sharks and forged health certificates in order to export the sharks. The defendant also purchased undersized nurse sharks (those less than 54 inches) which were

1 taken illegally from Florida state waters out of season and without proper permits.  He sold these sharks
2 to customers over eBay and Craig's List.
3    **U.S. Sentencing Guidelines.** The Guideline calculation for the California case is:
4 **Wire Fraud**

| | | | |
|---|---|---|---|
| | a. | Base Offense Level, U.S.S.G. § 2B1.1(a)(1) | 7 |
| | b. | U.S.S.G. § 2B1.1(b)(1)(B), Loss $5,400.00 | +2 |
| | | U.S.S.G. § 2B1.1(b)(2)(A)(ii), Committed through mass marketing | +2 |
| | c. | Adjusted Offense Level: | 11 |
| | d. | Acceptance of Responsibility | -2 |
| | e. | Total Offense Level | 9 |

**Lacey Act**

| | | | |
|---|---|---|---|
| | a. | Base Offense Level, U.S.S.G. § 2Q2.1(a) | 6 |
| | b. | U.S.S.G. § 2Q2.1(b)(1)(A), Committed for pecuniary gain | +2 |
| | | U.S.S.G. § 2Q2.1(b)(3)(A)(ii), Market value wildlife $5,400.00 | +2 |
| | c. | Adjusted Offense Level: | 10 |
| | d. | Acceptance of Responsibility | -2 |
| | e. | Total Offense Level | 8 |

Pursuant to section 3D1.2(d) of the Guidelines, these counts are group.  *See* U.S.S.G. § 3D1.2(d) (offenses covered by U.S.S.G. §  2B1.1 and § 2Q2.1 are to be grouped); PSR at ¶ 35-46.  The total offense level for the California case is 9, criminal history category 0, Zone B, 4-10 months imprisonment.

The Guideline calculation for the Florida case is:

**Lacey Act**

| | | | |
|---|---|---|---|
| | a. | Base Offense Level, U.S.S.G. § 2Q2.1(a) | 6 |
| | b. | U.S.S.G. § 2Q2.1(b)(1)(A), Committed for pecuniary gain | +2 |
| | | U.S.S.G. § 2Q2.1(b)(3)(A)(ii), Market value wildlife $9,000.00 | +2 |
| | c. | Adjusted Offense Level: | 10 |

U.S. Sentencing Memo
CR 13-00501 RS

|   |   |   |   |
|---|---|---|---|
| d. | Acceptance of Responsibility | | -2 |
| e. | Total Offense Level | | 8 |

The total offense level for the Florida case is 8, criminal history category 0, Zone A, 0-6 months imprisonment.

**Plea Agreement**. The defendant has pled guilty to all charges in both cases. The parties recommend the following sentence: (1) three years supervised release with a condition that the defendant serve five months home detention, (2) $14,400 in restitution paid as agreed in the plea agreement, (3) a $10,000 criminal fine paid to the Lacey Act Reward Fund, (4) a $1,000 special assessment, and (5) defendant has agreed to forfeit his truck, boat and trailer used to transport the illegally taken sharks. Plea Agreement at ¶ 8. The restitution is to be paid as follows:  $9,000.00 to the National Fish and Wildlife Foundation and $5,400.00 designated to the California Academy of Sciences. The parties believe that this sentence is sufficient to (1) reflect the seriousness of the offense; (2) provide just punishment and promote respect for the law; (3) afford deterrence; (4) take into account the defendant's history and characteristics; and (5) protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

## CONCLUSION

The United States requests that the Court sentence defendant as agreed to in the plea agreement to three years supervised release with a condition that he serve five months home detention, $14,400 in restitution paid as agreed in the plea agreement, a $10,000 criminal fine paid to the Lacey Act Reward Fund, and $1,000 special assessment.

DATED:  October 31, 2013

Respectfully submitted,

MELINDA HAAG
United States Attorney

      /s/
MAUREEN C. BESSETTE
Assistant United States Attorney